ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

JASON D. CURRY
Assistant U.S. Attorney
Arizona State Bar No. 026511
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
Facsimile:  602-514-7760
Email: jason.curry@usdoj.gov
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sylvia Rico, *et. al.*, | CV-17-08122-PCT-DLR |
| Plaintiffs, | **ANSWER** |
| vs. | |
| Office of Navajo and Hopi Indian Relocation, an administrative agency of the United States, | |
| Defendant. | |

Defendant, the Office of Navajo and Hopi Indian Relocation ("**ONHIR**" or "**Defendant**"), an administrative agency of the United States, by and through undersigned counsel, and in answer to Plaintiffs' Complaint for Judicial Review [Docket No. 1] (the "**Complaint**"), admits, denies, and alleges as follows:

Defendant alleges that the unnumbered preliminary statement on pages 1-2 of the Complaint contain Plaintiffs' summary of allegations made in subsequent paragraphs of the Complaint and Plaintiffs' legal conclusions. Defendant is not required to respond to such statements. Defendant responds below to each of the specific allegations of the Complaint. To the extent a response is required, Defendant denies the allegations contained in the preliminary statement on pages 1-2 of the Complaint.

1. Defendant admits that the United States District Court for the District of

1  Arizona issued a written decision cited as *Healing v. Jones*, 210 F. Supp. 125, 192 (D. Ariz.
2  1962). Defendant affirmatively alleges that such decision speaks for itself as to its findings
3  and conclusions. Plaintiffs' remaining allegations are legal interpretation and argument that
4  require no response from Defendant. To the extent a response is required, Defendant denies
5  the remaining allegations.

6        2.      Defendant admits that Congress enacted the Navajo-Hopi Land Settlement
7  Act, Pub. L. No. 93-531, codified as amended at 25 U.S.C. §§ 640d to 640d-31 (the
8  "**Settlement Act**").[1] Plaintiffs' remaining allegations are legal interpretation and argument
9  that require no response from Defendant. To the extent a response is required, Defendant
10 denies the remaining allegations.

11       3.      Plaintiffs' allegations are legal interpretation and argument that require no
12 response from Defendant. To the extent a response is required, Defendant denies the
13 allegations. Defendant affirmatively alleges that 25 C.F.R. § 700.1(a) speaks for itself.

14       4.      Defendant admits that it is a federal agency created by the Settlement Act.
15 Plaintiffs' remaining allegations are legal interpretation and argument that require no
16 response from Defendant. To the extent a response is required, Defendant denies the
17 remaining allegations.

18       5.      Defendant admits that, in 1981, it issued a "Report and Plan" to Congress.
19 The Report and Plan is a written document that speaks for itself. Defendant denies the
20 remaining allegations.

21       6.      Defendant admits that Plaintiffs applied for relocation benefits in 2005 and
22 that 2005 is approximately 31 years after Congress enacted the Settlement Act. Plaintiffs'

---

[1] Effective September 1, 2016, the Office of the Law Revision Counsel omitted Section 640d of Title 25 from the U.S. Code because it has "special and not general application." *See* OFFICE OF THE LAW REVISION COUNSEL, *http://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title25-section640d&num=0&edition=prelim* (last visited July 28, 2017). The omission is editorial and "has no effect on the validity of a law and is not a statement on its value or importance." *See* OFFICE OF THE LAW REVISION COUNSEL *http://uscode.house.gov/editorialreclassification/t25/index.html* (last visited July 28, 2017). The full text of 25 U.S.C. § 640d can be found at the following web address: http://uscode.house.gov/view.xhtml?hl=false&edition=2015&req=granuleid%3AUSC-prelim-title25-section640d&num=0 (last visited July 28, 2017).

remaining allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations.

7.  Paragraph 7 of the Complaint is a legal argument that requires no response from Defendant. To the extent a response is required, Defendant denies the allegations.

8.  Plaintiffs' allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the allegations. Defendant affirmatively alleges that the cited statute, regulations, and policies speaks for themselves.

9.  Deny.

10. Deny.

11. Paragraph 11 of the Complaint is a legal argument that requires no response from Defendant. To the extent a response is required, Defendant denies the allegations.

12. Paragraph 12 of the Complaint is a legal argument that requires no response from Defendant. To the extent a response is required, Defendant denies the allegations.

13. Paragraph 13 of the Complaint is a legal argument that requires no response from Defendant. To the extent a response is required, Defendant denies the allegations.

14. Defendant admits that Julia Willie ("**Julia**") is an enrolled member of the Navajo Nation. Plaintiffs' remaining allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations.

15. Defendant admits that Edith Willie ("**Edith**") was an enrolled member of the Navajo Nation. Defendant lacks information sufficient to form a belief about the truth of Plaintiffs' allegation that Sylvia Rico is an enrolled member of the Navajo Nation and that she is the Administrator of Edith Willie's estate; therefore, the allegations are denied. Plaintiffs' remaining allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations.

16. Defendant lacks information sufficient to form a belief about the truth of Plaintiffs' allegation in paragraph 16 of the Complaint; therefore, the allegation is denied.

17. Defendant lacks information sufficient to form a belief about the truth of Plaintiffs' allegation in paragraph 17 of the Complaint; therefore, the allegation is denied.

18. Defendant lacks information sufficient to form a belief about the truth of Plaintiffs' allegation that Ms. Rico is a member of the Navajo Nation and was appointed Administrator of "the estate"; therefore, the allegations are denied. Plaintiffs' remaining allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations.

19. Defendant admits that it is a federal agency created by the Settlement Act, which speaks for itself. Plaintiffs' remaining allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations.

20. Admit.

21. Deny.

22. Defendant admits that part of the White Cone area is located on the Hopi Partitioned Lands ("**HPL**"). Defendant denies Plaintiffs' remaining allegations.

23. Defendant admits that Jim Willie visited ONHIR in 1990, but the purpose of the visit is not recorded in the administrative record. Defendant denies Plaintiffs' remaining allegations.

24. Defendant admits that Edith visited ONHIR prior to April 1, 2005. Defendant denies Plaintiffs' remaining allegations.

25. Deny.

26. Admit.

27. Admit.

28. Admit.

29. Defendant admits that it denied Edith's request for Relocation Benefits by letter dated December 7, 2005. Defendant's reasons are stated in the letter, which is part of

4

the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

30. Defendant admits that it denied Julia's request for Relocation Benefits by letter dated December 19, 2005. Defendant's reasons are stated in the letter, which is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

31. Admit.

32. Admit.

33. Deny.

34. Defendant admits that the United States District Court for the District of Arizona issued a written decision in the *Noller Herbert* case (CV-06-3014-PCT-NVW) on February 27, 2008. Defendant affirmatively alleges that such decision speaks for itself. Defendant further admits that Defendant adopted Policy Memorandum No. 14, as revised. Defendant affirmatively alleges that Policy Memorandum No. 14 speaks for itself. Plaintiffs' remaining allegations are legal interpretation and argument that require no response from Defendant. To the extent a response is required, Defendant denies the remaining allegations.

35. Admit.

36. Deny.

37. Defendant admits that, on April 9, 2010, the Hearing Officer held a joint hearing on the applications of Edith and Julia. Defendant denies Plaintiffs' remaining allegations.

38. Defendant admits that Sylvia Rico testified at the April 9, 2010 hearing. Her testimony is part of the administrative record and speaks for itself. Defendant denies that Ms. Rico was the only witness present at the April 9, 2010 hearing.

39. Defendant admits that the April 9, 2010 hearing was adjourned for the reasons stated on the record, which speak for themselves. Defendant denies Plaintiffs' remaining allegations.

40.     Defendant admits that ONHIR and Plaintiffs' counsel conducted a field investigation at a site on the HPL. Defendant denies that the site was "the Willie's [sic] White Cone homesite."

41.     Defendant admits that the hearing was resumed on June 4, 2010. Defendant alleges that the testifying witnesses are set forth in the June 4, 2010 transcript, which is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

42.     Defendant admits that Edith testified at the June 4, 2010 hearing. Defendant alleges that the referenced testimony is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

43.     Defendant admits that Leroy Willie testified at the June 4, 2010 hearing. Defendant alleges that the referenced testimony is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

44.     Defendant admits that Julia testified at the June 4, 2010 hearing. Defendant alleges that the referenced testimony is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

45.     Defendant admits that Joseph Shelton testified at the June 4, 2010 hearing. Defendant alleges that the referenced testimony is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

46.     Deny. Although Plaintiffs' relatives may have lived on the HPL and qualified for relocation benefits, the Hearing Officer found that Judith and Edith did not.

47.     Admit.

48.     Defendant admits that the Hearing Officer issued a decision denying Edith and Julia relocation benefits. Defendant alleges that the Hearing Officer's decision is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

49.     Defendant admits that the Hearing Officer issued a decision denying Edith and Julia relocation benefits. Defendant alleges that the Hearing Officer's decision is part

of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

50. Defendant admits that the Hearing Officer issued a decision denying Edith and Julia relocation benefits. Defendant alleges that the Hearing Officer's decision is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

51. Defendant admits that the Hearing Officer issued a decision denying Edith and Julia relocation benefits. Defendant alleges that the Hearing Officer's decision is part of the administrative record and speaks for itself. Defendant alleges that the 1981 Report and Plan is a written document that speaks for itself. Defendant denies Plaintiffs' remaining allegations.

52. Defendant admits that Joseph Shelton testified at the June 4, 2010 hearing. Defendant alleges that the referenced testimony is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

53. Deny.

54. Admit.

55. Admit.

56. Defendant admits that the Hearing Officer issued a decision overruling Plaintiffs' objections. Defendant alleges that the Hearing Officer's decision is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

57. Defendant admits that the Hearing Officer issued a decision overruling Plaintiffs' objections. Defendant alleges that the Hearing Officer's decision is part of the administrative record and speaks for itself. Defendant denies Plaintiffs' remaining allegations.

58. Admit.

59. Admit.

60. Admit.

61. Deny.

62. Defendant denies all allegations contained in Plaintiffs' Prayer for Relief, and denies that Plaintiffs are entitled to any relief in this matter.

63. Defendant denies all allegations contained in Plaintiffs' Prayer for Relief, and denies that Plaintiffs are entitled to any relief in this matter.

64. Defendant denies all allegations contained in Plaintiffs' Prayer for Relief, and denies that Plaintiffs are entitled to any relief in this matter.

65. Defendant denies generally each and every allegation contained in the Complaint not otherwise specifically admitted, qualified, and/or denied herein.

## DEFENSES, AFFIRMATIVE ALLEGATIONS, AND OTHER MATTERS

The following matters are raised at this time to give all parties notice of certain defenses, affirmative defenses, and other matters that exist now or may arise after further investigation.

1. The Court lacks subject matter jurisdiction because Plaintiffs have failed to exhaust their remedies.

2. Plaintiffs have waived issues not raised at the administrative level.

3. To the extent a remedy is warranted, only remand is available.

4. The case should be dismissed for failure to substitute a proper party in interest.

5. The case should be dismissed because Plaintiff's claims were extinguished upon death.

6. One or more Plaintiff's does not qualify as a party in interest under ONHIR Policy 18.

7. To the extent eligible for benefits, one or more Plaintiffs are not entitled to replacement homes under 25 C.F.R. § 700.145 and ONHIR Policy 22.

8. Plaintiffs are not entitled to an award of fees and costs.

9. Defendant did not violate the Administrative Procedure Act.

10. Defendant asserts that it has, or may have, additional defenses which are not

yet known but which may become known through future investigation. Defendant asserts herein each and every affirmative defense as may be ascertained in the future, including those under Federal Rules of Civil Procedure 8 and 12.

11. Defendant respectfully reserves the right to amend its affirmative defenses as additional information is acquired.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by way of the Complaint, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate.

Respectfully submitted this 6th day of September, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/Jason D. Curry*
JASON D. CURRY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy of the attached document and Notice of Electronic Filing to the following CM/ECF registrant:

Susan I. Eastman
Navajo-Hopi Legal Services Program
PO Box 2990
Tuba City AZ 86045
seastman@nndoj.org

John C. Sledd
Kanji & Katzen, PLLC
401 Second Ave. S., Ste. 700
Seattle, WA 98104
sledd@kanjikatzen.com

*s/ Mary Bangart*
U.S. Attorney's Office