**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Rico, *et al.*, | No. CV-17-08122-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Office of Navajo and Hopi Indian Relocation, an administrative agency of the United States, | |
| Defendant. | |

Plaintiffs Sylvia Rico and Leroy Willie, as representatives of the estates of Edith Willie and Julia Willie, seek judicial review of the administrative decision by Defendant Office of Navajo and Hopi Indian Relocation ("ONHIR") denying Plaintiffs' relocation benefits under the Navajo-Hopi Settlement Act. (Doc. 1.) Before the court is ONHIR's motion to dismiss or, alternatively, motion for remand, which is fully briefed. (Docs. 21, 26, 27.) The court heard oral argument on July 13, 2018.

Following oral argument, Plaintiffs submitted a post-argument brief requesting the Court stay the matter if it decided to remand for further agency action.[1] (Doc. 38 at 2.) This matter also is fully briefed. (Doc. 39.) For reasons stated below, ONHIR's motion to remand is granted and Plaintiffs' post-argument motion to stay proceedings is denied.

## I. Background
### A. Navajo and Hopi Indian Relocation Assistance

---

[1] Although presented as a post-argument brief, the Court construes Plaintiffs' brief as a motion to stay proceedings and retain jurisdiction.

In 1882, a reservation was established in northeastern Arizona for the Hopi Nation and "such other Indians as the Secretary of Interior may see fit to settle thereon." *Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1121 (9th Cir. 1989). Members of the Navajo Nation subsequently settled on the reservation alongside the Hopi. *Id.* "The Hopi and Navajo [Nations] coexisted on the 1882 reservation for 75 years, but became entangled in a struggle as to which [nation] had a clear right to the reservation lands." *Id.* In 1962, this district court found that the two tribes held joint, undivided interests in most of the reservation, which was called the "joint use area" ("JUA"). *Id.*

Twelve years later, after establishment of the JUA failed to solve inter-tribal conflicts over the land, Congress passed the Navajo-Hopi Settlement Act in 1974.[2] *Id.* The Act authorized the district court to make a final partition of the reservation after mediation efforts between the nations had failed. *See Sekaquaptewa v. MacDonald*, 626 F.2d 113, 115 (9th Cir. 1980). The Act also directed creation of ONHIR's predecessor, the Navajo-Hopi Relocation Commission, to provide services and benefits to help relocate residents who were located on lands allocated to the other nation as a result of the court-ordered partition. *See Bedoni*, 878 F.2d at 1121-22; 25 U.S.C. § 640d-11. To be eligible for relocation benefits, a Navajo applicant bears the burden of demonstrating that he or she was (1) a legal resident on the Hopi Partitioned Lands ("HPL") on December 22, 1974, and (2) a head of household on or before July 7, 1986. 25 C.F.R. § 700.147.

In 1986, ONHIR closed the application process, and it remained closed to new applicants for nineteen years. *See* 51 Fed. Reg. 19169 (May 28, 1986). In 2005, acknowledging the number of late applications, ONHIR began accepting benefit applications from individuals who applied after the 1986 deadline or had not previously been informed of their eligibility. § 700.138. This district court later held that ONHIR's

---

[2] Pub. L. 93-531 (The Navajo-Hopi Land Settlement Act of 1974), formerly codified at 25 U.S.C. § 640d *et seq.*, has been omitted from the U.S. Code "as being of special and not general application." The Court will continue to cite to 25 U.S.C. § 640d *et seq.* for ease of reference.

fiduciary duty to displaced tribe members before 1986 had included an affirmative duty to attempt to contact and inform potentially eligible individuals of their right to apply for benefits. *Herbert v. ONHIR*, No. 06-CV-3014-PCT-NVW, 2008 WL 11338896, at *1 (D. Ariz. Feb. 27, 2008).

### B. Factual and Procedural History

In June 2005, Edith Willie and Julia Willie (both enrolled members of the Navajo Nation) applied separately for relocation benefits. (Doc. 1 ¶¶ 14-15, 27-28.) In December 2005, ONHIR denied both sisters' applications, finding that they "did not reside on HPL during the requisite period." (¶¶ 29-30.) In December 2005, Edith Willie timely appealed ONHIR's decision. (¶ 31.) In January 2006, Julia Willie and her late husband Jim timely appealed ONHIR's decision. (¶ 32.) In April 2010, an independent hearing officer ("IHO") held an appeal hearing. (¶ 37.)

In August 2010, the IHO issued an opinion upholding ONHIR's denial, finding that the testimony of Edith Willie, Julia Willie, Sylvia Rico, and Leroy Willie was not credible. (¶¶ 48-49.) The IHO's ruling became ONHIR's final decision when ONHIR issued a Final Agency Action on July 18, 2011. (¶ 58.) Edith Willie passed away in 2014. (¶ 16.)

On June 29, 2017, Sylvia Rico (as administrator of her mother Edith Willie's estate) and Julia Willie commenced this action for judicial review pursuant to 25 U.S.C. § 640d *et seq.* and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq.* (¶ 11.) On July 24, 2017, Julia Willie passed away. (Doc. 12.) On February 5, 2018, Leroy Willie moved for substitution of himself (as administrator of his mother Julia Willie's estate) as Plaintiff. (Doc. 23.) On February 16, 2018, the Court granted the motion. (Doc. 25.)

On February 2, 2018, ONHIR moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the case for lack of subject matter jurisdiction on the basis of both standing and mootness. (Doc. 21.) In the alternative, ONHIR sought remand of the case to the agency for further action. (*Id.*) In response, Plaintiffs opposed the motion to

dismiss, but agreed that a remand would be proper pursuant to ONHIR's Management Manual § 1714.3. (Doc. 26.) At oral argument, the parties agreed that a remand to the agency would be proper given the change in circumstances surrounding Plaintiffs' applications.

## II. Discussion

### A. Remand for Further Proceedings

"[A]ppeals from any eligibility determination of the Relocation Commission . . . shall be brought in the United States District Court for the District of Arizona." 25 U.S.C. § 640d-14. The APA governs judicial review of agency decisions under the Settlement Act. *Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 914 (9th Cir. 1995). The APA provides that the Court may set aside an administrative agency's decision only if that decision is "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Bedoni v. Navajo–Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1122 (9th Cir. 1989) (citing 5 U.S.C. § 706(2)(A), (E) (1982); *Walker v. NHIRC*, 728 F.2d 1276, 1278 (9th Cir. 1984)). But a court "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). A court of appeals "is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Furthermore, "when an agency action is reviewed by the courts . . . the agency may seek a remand to reconsider its decision because of intervening events outside of the agency's control." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001).

Here, remand is appropriate because of the change in circumstances surrounding Plaintiffs' applications. Edith Willie and Julia Willie were alive when they filed their original applications with ONHIR and when they received a denial of their applications by the agency. In the interim period between receiving a final determination from ONHIR and filling an appeal in this Court, Edith Willie passed away. Julia Willie passed

away soon after filing her appeal. Both left behind households with no surviving spouses or minor children. ONHIR's Management Manual provides guidance on how to handle cases in which the applicant dies and leaves behind a household with no surviving spouse or minor children. Specifically, § 1700.1714.3 of ONHIR's Management Manual states, "If the household identified by the client prior to death consists solely of individuals who had some other relationship to the client (i.e. grown children with dependents; live-in partner/common-law spouse) the case will be referred to the Executive Director for a determination of action to be taken." Because Edith Willie and Julia Willie died after the agency made its decision, however, ONHIR has not had the opportunity to make a determination subject to this provision. Because ONHIR has not yet considered the matter of benefits to Edith and Julia Willie's estates, this matter is remanded for referral to ONHIR's Executive Director for a determination of action to be taken.

**B. Stay of Proceedings**

Plaintiffs' post-argument brief requests a stay, arguing that "an immediate remand and dismissal of this action could result in a statute of limitations bar to a later challenge to ONHIR's eligibility determinations." (Doc. 38 at 2.) The Court is skeptical of this argument. The six-year statute of limitations for civil actions against the United States beings to run "after the right of action first accrues." 28 U.S.C. § 2401(a). Under the APA, the right of action accrues after the final agency action is taken. 5 U.S.C. § 704. Because the Court remands this matter for further agency action , there presumably will not be a final agency action until the Executive Director makes a determination pursuant to § 1700.1714.3 of ONHIR's Management Manual, and the Commission affirms or reverses that decision. *See* 25 C.F.R. § 700.319.

To the extent that the Executive Director's decision does not serve as the final agency decision, however, "section 2401(a)'s six-year statute of limitations is not jurisdictional, but is subject to waiver." *See Pub. Citizen, Inc. v. Mukasey*, No. C 08-0833 MHP, 2008 WL 4532540, at *8 (N.D. Cal. Oct. 9, 2008) (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765 (9th Cir. 1997)). ONHIR, in its responsive post-argument

brief, affirmatively waives any potential statute of limitations defense to a subsequent APA action in this matter upon completion of the remanded proceedings. (Doc. 39 at 2.) Accordingly, a stay premised on Plaintiffs' statute of limitations concerns is not warranted.

**IT IS ORDERED** that ONHIR's motion to remand the case (Doc. 21) is **GRANTED**. This matter shall be remanded to ONHIR's Executive Director for a determination pursuant to ONHIR's Management Manual § 1714.3.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay (Doc. 38) is **DENIED**. The Clerk of the Court is directed to terminate this case without further order of the Court.

Dated this 30th day of July, 2018.

Douglas L. Rayes
United States District Judge